IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| O.S., et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 13-0261-CV-W-DGK |
| KANSAS CITY PUBLIC SCHOOLS, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This case arises from Defendant Daniel Roberson's ("Roberson") repeated sexual assaults on a minor Plaintiff R.S on the premises of George B. Longan French Magnet School ("Longan") during an after school supervision program coordinated by Greater K.C. LINC, Inc., ("LINC"). Because of these acts, O.S., on behalf of her child R.S., (collectively "Plaintiffs") are suing Defendants Kansas City Public Schools ("KCPS"), Kansas City School Board ("KCSB"), Longan, LINC, and Roberson. Now before the Court is Defendants' KCPS, KCSB, and Longan's (collectively "Defendants") motion to dismiss Plaintiffs' counts V, VII, VIII, IX, X, XI, and XII for failure to state a claim. The Defendants' motion is GRANTED, because (1) sovereign immunity bars Counts VII, VIII, IX, X, XI, and XII; and (2) the statute relied upon in Count V applies only to non-perpetrator defendants.

**Background**

The complaint alleges the following facts. Between 2005 and 2009, R.S. attended George B. Longan French Magnet School and participated in LINC's aftercare program. During this period of time, LINC had a contract with KCPS and Longan to provide aftercare services on Longan's campus. LINC hired Defendant Roberson and others to supervise the children. While

1

employed by LINC in 2005, Defendant Roberson began sexually molesting R.S. on the Longan campus during the aftercare program and off the school grounds during school hours.

In October 2008, parents of another student who participated in the aftercare program notified KCPS and Longan officials that Defendant Roberson sexually molested their child. In response, KCPS discussed the allegations with the student and his or her parents and also interviewed Defendant Roberson about the allegations. However, neither KCPS nor LINC advised the parents of other children about the sexual abuse allegations.

Following the investigation, Defendant Roberson remained in his position with LINC. Eventually, Defendant Roberson's molestation of R.S. increased in both frequency and degree of physicality. In order to prevent R.S. from revealing the abuse, Defendant Roberson threatened R.S. with physical violence. Throughout the period of molestation, Defendant knew he had HIV and that he was potentially subjecting R.S. to transmission of the virus.

After becoming aware of the abuse, O.S., R.S.'s parent, filed suit on March 3, 2013, against KCPS, KCSB, Longan, LINC, and Roberson. Plaintiffs' complaint raises fifteen counts against these defendants either collectively or separately. KCPS, KCSB, and Longan (collectively "Defendants") filed a joint-motion to dismiss Counts V (Violations of Missouri Childhood Sexual Abuse Statute), VII (Common Law Premises Liability), VIII (Common Law Failure to Investigate Allegations of Sexual Abuse), IX (Common Law Breach of Fiduciary Duty), X (Common Law Failure to Supervise Children), XI (Common Law Negligent Supervision and Retention of Defendant Roberson), and XII (Common Law Negligent Infliction of Emotional Distress).

**Standard**

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint ... does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action…." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**Analysis**

Defendants claim that Counts V, VII, VIII, IX, X, XI, and XII, which all raise claims against the school or school district, are barred under the doctrine of sovereign immunity. In the

alternative, Defendants argue that (1) Count V should be dismissed because the Missouri Childhood Sexual Abuse statute, which the cause of action derives from, only applies to perpetrators of the sexual abuse; and (2) Count IX should be dismissed because Defendants did not owe Plaintiffs a fiduciary duty.

**A.    Sovereign immunity requires dismissal of Counts VII, VIII, IX, X, XI, and XII.**

All Counts at issue in the motion to dismiss arise under either Missouri statutory or common law. In Missouri, public entities such as schools, school districts, and school boards are immune from most tort claims. *Patterson v. Meramec*, 864 S.W.2d 14 (1993); Mo. Rev. Stat. § 537.600.1. However, the Missouri legislature and courts have grafted several exceptions to the general tort immunity principle which allow lawsuits against public entities in the following situations:

> (1) Where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment; (2) where the injury is caused by the dangerous condition of the municipality's property; (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy.

*Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009) (internal citations omitted).

Here, Plaintiffs concede that sovereign immunity generally bars the tort claims mentioned in the motion to dismiss. Plaintiffs, however, contend that the statutory exception for dangerous conditions applies to this case. Defendants counter that none of Plaintiffs' claims in these counts satisfy the dangerous condition exception. The Court holds that sovereign immunity applies to

4

Counts VII, VIII, IX, X, XI, and XII, and, thus these claims are dismissed against KCPS, KCSB, and Longan.[1]

To begin, the claims underlying these Counts are tort claims. *See, e.g.*, *S & P Props., Inc. v. City of Univ. City*, 178 S.W. 3d 579, 584 (App. Ct. App. 2005) (noting that sovereign immunity only applies to "tort actions" and that plaintiff's pleading of unjust enrichment precluded the application of sovereign immunity). Plaintiffs pled Counts VII, VIII, X, XI, and XII as simple negligence causes of action respectively including claims for: premises liability, failure to investigate abuse claims, failure to supervise children, negligent retention, and negligent infliction of emotional distress. Since these claims derive from traditional common law negligence, sovereign immunity applies to these Counts. *See Doe v. The Special Sch. Dist. Of St. Louis Cnty.*, 637 F. Supp. 1138, 1148-49 (E.D. Mo. 1986) (holding that sovereign immunity applied to negligence claim against school district for failure to supervise employee). Similarly, Missouri law also recognizes breach of a fiduciary duty as a common law tort claim when pled as such by the plaintiff. *See W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. 2012) ("When breach of fiduciary duty is asserted as a tort claim, as here, the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm.") (internal quotations omitted). The allegations in Count IX track the elements required to state a tort claim for breach of a fiduciary duty, therefore sovereign immunity bars this claim. *See Joske Corp. v.*

---

[1] While Plaintiffs have not disputed that all the Counts mentioned in the motion fall within the sovereign immunity bar, the Court finds, in fact, that it is unclear whether Count V is actually precluded by sovereign immunity. Count V alleges that Defendants violated the Missouri Childhood Sexual Abuse Statute, Mo. Rev. Stat. § 537.046, by ratifying Roberson's conduct through failing to thoroughly investigate the 2008 allegations of sexual abuse. There exists no legal authority in Missouri that directly addresses whether sovereign immunity applies to this statutorily created cause of action. Since the Court holds, as discussed more thoroughly below, that other grounds support dismissal of this claim, the Court declines to analyze whether a Missouri court would apply sovereign immunity in this situation.

*Kirkwood Sch. Dist. R-7*, 903 F.2d 1199, 1201-02 (8th Cir. 1990) (holding that sovereign immunity applied to a performance bond claim against the school district because the claim "sounds in tort").

If a claim falls within the sovereign immunity bar, a plaintiff bears the burden of establishing that the dangerous condition exception applies. *See Martin v. City of Wash.*, 848 S.W.2d 487, 491 (Mo. 1993). Courts in Missouri, however, narrowly construe this waiver provision. *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 493 (Mo. Ct. App. 2009). Under Missouri law, a dangerous condition arises either because of "defects in the physical condition of the public entity's property" or "the positioning of various items of property." *Cain v. Mo. Highways & Transp. Comm'n.*, 239 S.W.3d 590, 594 (Mo. 2007) (internal quotations and citations omitted). Therefore, to satisfy this definition, the dangerous condition must be physical in nature. *Boever*, 296 S.W.3d at 493. "Failure to perform an intangible act, whether it be failure to supervise or warn[,] cannot constitute a dangerous condition of the property for purposes of waiving sovereign immunity." *Div. of Motor Carrier & R.R. Safety v. Russell*, 91 S.W.3d 612, 616 (Mo. 2002).

Plaintiffs failed to demonstrate that their claims arise from a dangerous condition on the premises of Longan. Counts VIII, IX, X, XI, and XII do not refer to any physical defect or improper placement of property on Longan's premises, thus the dangerous condition exception does not apply to these claims.

The only claim that might come within the dangerous condition exception is Count VII, which alleges premises liability against Defendants. In this Count, Plaintiffs plead that a dangerous condition was created on the property when "[Roberson was allowed] to be alone with students without supervision…[in a school area without] monitors, surveillance cameras or other

means of policing or supervision….” Compl. ¶¶ 100-101. At best, this claim alleges a failure to perform the intangible act of properly supervising Roberson. As noted by the Missouri Supreme Court, such an allegation fails as a matter of law. *Russell*, 91 S.W.3d at 616. Even if such a claim was not precluded as a matter of law, expansion of the dangerous condition exception to include failure to place cameras on the property to supervise Roberson would extend this exception far beyond the narrow construction given to it by the Missouri courts and legislature. *See Boever*, 296 S.W.3d at 493. Because sovereign immunity applies to Counts VII, VIII, IX, X, XI, and XII, these claims are dismissed against KCPS, KCSB, and Longan.[2]

**B.     Count V is dismissed because the Missouri Childhood Abuse Statute only applies to perpetrators.**

Defendants contend that Missouri Childhood Abuse Statute only allows Plaintiff to sue the actual perpetrator of the sexual abuse, Defendant Roberson. Plaintiffs argue that Defendants can also be liable under the statute for aiding and abetting Roberson's sexual abuse of R.S. by not thoroughly investigating the prior allegations of abuse against other children.

The Missouri Childhood Sexual Abuse statute (the "Act") allows a victim of sexual abuse to sue the perpetrator for damages. Mo. Rev. Stat. § 537.046. The Act defines sexual abuse as any act that violates several enumerated criminal statutes in Missouri. Mo. Rev. Stat. § 537.046.1(1). When presented with a claim of aiding and abetting liability under the Act, the Eighth Circuit held that the Missouri legislature never intended to extend liability under this statute to non-perpetrator defendants. *Walker v. Barrett*, 650 F.3d 1198, 1209 (8th Cir. 2011). The Eighth Circuit reasoned that there was no liability for non-perpetrator defendants because

---

[2] Since the Court holds that sovereign immunity requires the dismissal of Count IX, it refrains from analyzing whether Defendants actually owed Plaintiffs a fiduciary duty.

these individuals never actually committed any of the enumerated acts listed in the statute, and the legislature did not make the Missouri aiding and abetting statute an enumerated act. *Id.*

Despite this holding, Plaintiffs contend that Defendants' actions or omissions violated the Act. Plaintiffs argue that because Mo. Rev. Stat. § 566.100, which is one of the enumerated statutes triggering liability under the Act, imposes criminal liability for "subject[ing] another to sexual contact," a non-perpetrator defendant can be liable under the Act. Plaintiffs argue that the legislature's use of the word "subjects" means that this statute prohibits not only physical contact by the perpetrator, but also ratification of the contact by others through failing to properly investigate allegations of abuse. Plaintiffs conclude that because this statute seems to criminalize aiding and abetting activity, the Act allows a suit for damages for aiding and abetting activity.

Plaintiffs, however, cite no case law applying Mo. Rev. Stat. § 566.100 in this manner or any other legal authority supporting this interpretation. On the contrary, all cases found by the Court which charged a violation of Mo. Rev. Stat. § 566.100 involved prosecutions of the individual who actually committed the physical act or instructed another to commit the act. *See, e.g.*, *State v. Rockett*, 87 S.W.3d 398, 408 (Mo. Ct. App. 2002) (holding that evidence was sufficient to convict a perpetrator under this provision because he both committed the physical act and directed another to commit the physical act). For these reasons and the holding in *Walker*, Count V is dismissed against KCPS, KCSB, and Longan.

**Conclusion**

Viewing the factual allegations in the Complaint as true and construing them in the light most favorable to Plaintiffs, the Court concludes that Counts V, VII, VIII, IX, X, XI, and XII against KCPS, KCSB, and Longan must be dismissed. Therefore, Defendants' 12(b)(6) Motion to Dismiss is GRANTED and these Counts are dismissed without prejudice.

**IT IS SO ORDERED.**

                                      /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT

Date:  October 16, 2013